CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

06/25/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BRIAN HERMSMEIER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. ___3:20CV00034___ |
| | ) | |
| THE HONORABLE RALPH S. NORTHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Ralph S. Northam hereby removes the above-captioned action from the Circuit Court for the County of Madison (Case No. CL20004761-00) to the United States District Court for the Western District of Virginia. The Complaint and accompanying exhibits are attached as **Exhibit 1**. Other materials counsel for Defendant has received related to this matter are attached as **Exhibit 2**.

Since March of this year, public health authorities in Virginia and across the country have been working to slow the spread of COVID-19, a novel coronavirus that causes a pneumonia-like illness and proves fatal to some percentage of those who contract it. There is no proven treatment, cure, or vaccine for COVID-19. The virus is highly contagious and is spread primarily through in-person interactions, including by way of respiratory droplets produced when an infected person coughs, sneezes, or talks. As outbreaks have spread across the world, the World Health Organization classified COVID-19 as a pandemic, the President of the United States declared a national emergency, and Governor Northam declared a state of emergency in Virginia. To date, over 9.4 million people have been infected with COVID-19 worldwide, and

1

more than 483,000 have died.[1]  In Virginia, there have been nearly 60,000 cases of COVID-19, and the virus has claimed 1,675 lives.[2]

In response to this ongoing crisis, Governor Northam and other officials have taken a series of good faith, evidence-based steps to curb the spread of COVID-19 and protect public health. Plaintiffs here seek to challenge certain measures—which have since expired—as applied to religious gatherings. The allegations in Plaintiffs' Complaint expressly assert violations of federal law, including "the United States Constitution, Amendment I." Compl. at 2, 30–31; see also *id.* ¶¶ 79–106. Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BASIS FOR FEDERAL QUESTION JURISDICTION

1.  On May 28, 2020, Plaintiffs filed Case No. CL20004761-00 in the Circuit Court for the County of Madison. See Ex. 1.

2.  In their Complaint, Plaintiffs allege that the Governor's actions "violated" the First Amendment of "the United States Constitution." Compl. at 2. The Complaint goes on the describe at length the historical background of the Free Exercise Clause in the First Amendment to the United States Constitution, see Compl. ¶¶ 79–88, and quotes the text of that Amendment "in its entirety," *id.* ¶ 89. Plaintiffs specifically allege that "Governor Northam's orders" are inconsistent with their "right to the Free Exercise of [their] religion" under the First Amendment. *Id.* ¶ 90; see also *id.* ¶ 101 (alleging that "the Governor's orders" are "unconstitutional" "religious gerrymanders" under "United States Supreme Court" precedent).

---

[1] Johns Hopkins University of Medicine, *Coronavirus Resource Center* (last visited June 25, 2020), https://coronavirus.jhu.edu/map.html.

[2] Va. Dep't of Health, *COVID-19 Cases in Virginia* (last visited June 25, 2020), https://www.vdh.virginia.gov/coronavirus/.

3.    Because Plaintiffs have challenged the Governor's actions as violating federal law, this case necessarily "aris[es] under the Constitution . . . of the United States" within the meaning of 28 U.S.C. § 1331. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) ("It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights."); *Lisenby v. Lear*, 674 F.3d 259, 262 (4th Cir. 2012) ("[R]emoval is appropriate if the face of the complaint raises a federal question." (quotation marks and citation omitted)).

4.    The fact that Plaintiffs also invoke state law in their Complaint does not defeat federal jurisdiction. Where a complaint asserts violations of both state and federal law, federal courts have jurisdiction if the plaintiff "alleges one set of facts to support" both the "federal *and* state law claims." *Lee v. Wells Fargo Home Mortg.*, No. 3:13-CV-00034, 2013 WL 5797375, at *4 (W.D. Va. Oct. 28, 2013); see also *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016) (state law cause of action "arise[s] under federal law . . . when the vindication of a right under state law necessarily turns on some construction of federal law" (quotation marks and citation omitted)); *Mendenhall v. City of Akron*, 374 Fed. Appx. 598, 599 (6th Cir. 2010) (affirming denial of motion to remand where complaint "sought declaratory and injunctive relief invalidating [an] ordinance . . . as violative of both the federal and state constitutions").

5.    Because Plaintiffs' state-law claims challenge the same conduct and seek the same relief as their federal allegations, see Compl. ¶¶ 9–55 (describing Executive Orders that Plaintiffs challenge under both state and federal law), those claims are "so related" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

**OTHER REQUIREMENTS FOR REMOVAL**

6.     Defendant was served with the Summons and Complaint in this matter on June 17, 2020. This Notice of Removal is thus timely filed because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

7.     The Charlottesville Division of the United States District Court for the Western District of Virginia encompasses the County of Madison, where the Complaint was filed. This Court is therefore "the district and division within which such action is pending" pursuant to 28 U.S.C. § 1446(a).

8.     As required by 28 U.S.C. § 1446(d), Defendant will "[p]romptly . . . give written notice" of the filing of this Notice of Removal to the Clerk of the Circuit Court for the County of Madison and counsel for Plaintiffs. A copy of the notice that will be provided is attached as **Exhibit 3**.

9.     Because Defendant "did not answer before removal," Defendant will "answer or present other defenses or objections under these rules" within the time period listed in Federal Rule of Civil Procedure 81(c)(2).

*      *      *

As pleaded in their Complaint, Plaintiffs allege violations of the United States Constitution. Accordingly, this case arises under federal law and may be heard in a federal forum.

## CONCLUSION

The case originally filed in the Circuit Court for the County of Madison (Case No. CL20004761-00) is hereby removed to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant respectfully requests that the action proceed in this Court as an action properly removed to it.

Dated: June 25, 2020                    Respectfully submitted,

                                        **RALPH S. NORTHAM**

                                        By:  */s/ Toby J. Heytens*
                                        Toby J. Heytens (VSB No. 90788)
                                        Solicitor General
                                        Office of the Attorney General
                                        202 North Ninth Street
                                        Richmond, Virginia 23219
                                        (804) 786-7240 – Telephone
                                        (804) 371-0200 – Facsimile
                                        THeytens@oag.state.va.us

                                        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, a true and accurate copy of the foregoing Notice of

Removal was filed electronically with the Court's CM/ECF system. A copy of this Notice of

Removal was also transmitted by both first-class mail and email to:

J. Michael Sharman
Commonwealth Law Offices, P.C.
246 E. Davis Street, Suite 200
Culpeper, Virginia 22701
mikesharman@verizon.net

*Counsel for Plaintiffs*


By:    */s/ Toby J. Heytens*
       Toby J. Heytens (VSB No. 90788)
       Solicitor General
       Office of the Attorney General
       202 North Ninth Street
       Richmond, Virginia 23219
       (804) 786-7240 – Telephone
       (804) 371-0200 – Facsimile
       THeytens@oag.state.va.us

       *Counsel for Defendant*